# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| Michael Sanford<br>1248 Fortville Rd.<br>Haddock, GA. 31033<br>478.955.1656<br>          Plaintiff | Civil Action No. 5:12-CV-353 |
| Wells Fargo Home Mortgage,<br>Mike Heid   President WFHM<br>1 Home Campus<br>Des Moines, IA. 50328<br>866.234.8271<br>          Defendants | **Complaint**<br><br>Jury Trial Demanded |

1. Plaintiff is a natural person domiciled at 1248 Fortville Rd. Haddock, GA. 31033

2. Defendant #1 is a banking corporation that does business in and around Middle Georgia the location of Plaintiffs mortgage transaction and mortgaged property.

3. Defendant #2 is President of Wells Fargo Home Mortgage.

## Statement of Claim

4. On 4/25/2012 defendants were presented a Electronic Funds Transfer Instrument(EFT) to discharge the debt associated with account #135589307 for $41,200.22. This tender was accepted, transacted and executed. Twenty five days later on 5/20/2012 plaintiff was informed that the account was being reinstated( unlawfully). Pursuant to UCC 3-603, UCC 4A-209 and UCC 3-501 this account is discharged.

5. Defendants were sent a Request Regarding Statement Of Account pursuant to UCC 9-210. Defendants had up to 14 days to validate and verify Plaintiff's account statement and to verify and validate the associated mortgage contract. Defendant sent no valid response and has agreed through acquiescence to the terms set forth therein.

6. Defendants have defaulted and have been non responsive under UCC 9-210.

7. Defendants, by inducing Plaintiff to continue payments on a discharged paid in full account, have committed theft by deception and fraud.

8. Defendants, by remaining silent and not validating requests where there is a legal or moral duty to speak, have committed fraud.

9. See attached Affidavit Concerning Wells Fargo Home Mortgage.

## Demand for Remedy

10. Plaintiff seeks release of lien, original note and delivery of title to said account.

11. Plaintiff seeks return of all payments made to the associated account after 5/14/2012..

12. Plaintiff seeks to void the associated mortgage contract .

13. Plaintiff seeks enforcement of tacit agreement outlined in the " Request Regarding Statement Of Account" dated 8/8/2012.

14. Plaintiff seeks general damages of not less than $20,000 dollars for tort, pain, suffering and anxiety.

15. Plaintiff seeks punitive damages of not less than $40,000 dollars for violating Plaintiff's constitutional rights, fraud, theft by deception, identity theft, and various Uniform Commercial Code violations

16. Court Fees.

17. Jury trial demanded.

_____  9/5/12
Michael Sanford          Date
1248 Fortville Rd.
Haddock, GA. 31033

# AFFIDAVIT CONCERNING WELLS FARGO HOME MORTGAGE

Michael Sanford
1248 Fortville Rd.
Haddock, GA. 31033, Affiant

I, Michael Sanford, hereinafter referred to as Affiant, am over the age of 21 and hereby certify on and for the public record, that the following facts are true, and correct to the best of my knowledge, understanding and belief.

1. Affiant sent an Electronic Funds Instrument to Wells Fargo Home Mortgage(WFHM) in the amount of $41,200.22 to set off and discharge account # 135589307. This was sent using Notary services and received by WFHM at PO Box 660455 Dallas, TX. 75266-0455 as evidenced by USPS article # 70112000000192744071 on 4/25/2012( see exhibit "A").

2. WFHM on 4/27/2012 posted the following amounts to affiant's account; 1) a payment for $633.37. 2) a principal payment for $40,566.85. On 4/29/2012 a payment of $633.37 and finally on 5/2/2012 a payment for $98.07 to satisfy and pay in full the associated account.The account was properly credited and discharged further evidenced by "Confirmation of Loan Payoff" dated 5/3/2012(see exhibit "B").

3. On or about 5/17/2012 affiant received a check for $1551.04 from WFHM and final escrow account statement to settle all the accounting(see exhibit"C").

4. On 5/20/2012 Affiant, about 25 days after payment tendered, was notified that said account was being reinstated by WFHM.

5. The original untouched financial instrument for $41,200.22 was never returned to Affiant as required by law and has been accepted, transacted and or executed.

6. On 6/28/2012 WFHM received a lawful notice dated 6/19/2012 and an "EFT Affidavit" dated 6/21/2012 sent Notary presentment. Affiant was given no response to either. Tacit admission(see

exhibit"D").

7. Affiant notices that a affidavit with no rebuttal stands as truth and evidence in any court of law.

8. Affiant notices UCC 9-210 that WFHM is required by law to acknowledge,verify and validate requests regarding Affiant's statement of account which WFHM has refused to do,a fraud. Tacit admission and acquiescence.

9. On 8/4/2012 WFHM President Mike Heid received from Affiant a lawful notice again requiring rebuttal or that his silence would be our agreement as to the substance of the notice. Mike Heid has made no valid response to said lawful notice. Tacit admission(see exhibit"E").

10. On 8/13/2012 WFHM received "Request Regarding Statement Of Account/FOIA Demand" dated 8/8/2012.WFHM is required by law within 14 days(UCC 9-210) to validate and verify Affiant's account statement. As Affiant has received no valid response, WFHM has defaulted and tacitly agreed to all the terms set forth in said document(see exhibit"F").

11. Affiant's tender to WFHM was lawful, properly prepared and properly presented and accepted. Payment was accepted and executed. Acceptance is discharge.

12. Affiant notices UCC 3-501(4) time frame or day after day of receipt for acceptance.

13. Affiant notices UCC 3-311(d) receipt of an instrument is satisfaction.

14. Affiant notices UCC 3-603(b) refusal is discharge.

15. Affiant notices UCC 3-603(c)  If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

16. Affiant notices UCC 4A-209 Acceptance of Payment Order.

(a)...a receiving bank other than the beneficiary's bank accepts a payment order when it executes the order.

(b)...a beneficiary's bank accepts a payment order at the earliest of the following times:

(1) when the bank(i) pays the beneficiary....or (ii) notifies the beneficiary of receipt of the order or that the account of the beneficiary has been credited with respect to the order unless the notice indicates that the bank is rejecting the order or that funds with respect to the order may not be withdrawn or used until receipt of payment from the sender of the order;

(2) when the bank receives payment of the entire amount of the sender's order; or

(3) the opening of the next funds-transfer business day of the bank following the payment date of the order if, at that time, the amount of the sender's order is fully covered by a withdrawable credit balance in an authorized account of the sender or the bank has otherwise received full payment from the sender, unless the order was rejected before that time or is rejected within(i) one hour after that time,or(ii) one hour after the opening of the next business day of the sender following the payment date if that time is later....

17. Affiant notices that a "closed account", while closed on the public side,was and remains open on the private side for purposes of set-off and adjustment/discharge( Black's Law 6th Ed.). Affiant is the only authorized representative of this account.

18. Affiant notices that EFT is an instant one way transfer initiated by the receiver also known as a reverse wire transfer. The financial institution is then given a credit to the private side ledger by the Federal Reserve. Any further collection after said credit would be a double payment, a fraud.

19. Affiant notices that any documents transmitted on behalf of the debtor to discharge debt liability are in full accord with HJR 192( June 1933), Public Law 73-10, UCC 3-419, UCC 1-104, UCC 10-104, UCC Articles 3 and 4, Public Law Ch48, 48stat.112 and Article 1, Section 10

Clause 1 of the Federal Constitution.

20. Affiant notices that WFHM and Mike Heid President have refused to provide any requested evidence to show that at any time there was a lawful contract between Affiant and themselves, a fraud.

21. Affiant notices U.S. v. Tweel, 550F. 2d. 297."silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.

22. Affiant notices that WFHM has tacitly agreed, that by their maintaining ownership interest of Affiant's real estate title, to pay Affiant's fee of $250,000.00 dollars and $1000.00 dollars per day retroactive to the loan payoff date of 4/25/2012.

23. Affiant has sent WFHM a "Notice Of Default Under UCC 9-210"(see exhibit "G").

24. Affiant notices that WFHM failed to disclose that the promissory note associated with this instant matter is a security instrument. This constitutes lack of full disclosure covered in Regulation Z of the Truth in Lending Act which gives Affiant the right to rescind Affiant's signature. Fraud vitiates all contracts. See 15 U.S.C. §78c Section 10.

25. Affiant notices that when WFHM signed Affiant's security instrument "for or in Affiant's place", that based on fraud and lack of disclosure is considered identity theft, See Title 18 U.S.C. Section 656; Bank Embezzlement.

26. Affiant notices the 4th and 5th amendment to the Federal Constitution that protects Affiant's property rights and that WFHM has abridged and damaged those rights by withholding title, funds and security instruments i.e. promissory note and EFT instrument.

27. Affiant notices that by inducing payments on a discharged account, WFHM is committing theft by deception and fraud.

As affirmation,

I affirm that in accordance with the best of Affiant's first hand knowledge and conviction the foregoing is true, correct and not misleading. Further Affiant sayeth not.

Date: 9/4/12          Signed by: _____
                                  Michael Sanford, Sui Juris

Michael Sanford appeared to me on September 4, 2012 to testify to the above statements in the above affidavit and to attach his signature to this instrument.

_____
Notary Public for the State of GA.
My commission expires August 11, 2015.